LODGED

James David Williams
NAME

#P-49807                                    2008 OCT 16 PM 2:50
PRISON IDENTIFICATION/BOOKING NO.

#1390  P.O.BOX 8101                          CLERK, U.S. DISTRICT COURT
ADDRESS OR PLACE OF CONFINEMENT             CENTRAL DIST. OF CALIF.
                                            RIVERSIDE

San Luis Obispo,Calif 93409        BY _____

Note:    It is your responsibility to notify the Clerk of Court in writing of any
         change of address. If represented by an attorney, provide his name,
         address, telephone and facsimile numbers, and e-mail address.

FILED
2008 OCT 17 AM 9:29
CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIF.
RIVERSIDE

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

James David Williams
FULL NAME (Include name under which you were convicted)
                                        Petitioner,

            v.

State of California

Dir.of.corr, John marshall (Warden-c.m.c)
NAME OF WARDEN, SUPERINTENDENT, JAILOR OR AUTHORIZED
PERSON HAVING CUSTODY OF PETITIONER
                                        Respondent.

CASE NUMBER:

CV 08 - 01452 FMC (E)

To be supplied by the Clerk of the United States District Court

☐ _____ AMENDED

## PETITION FOR WRIT OF HABEAS CORPUS
## BY A PERSON IN STATE CUSTODY
28 U.S.C. § 2254

PLACE/COUNTY OF CONVICTION San Bernardino county,Calif
PREVIOUSLY FILED, RELATED CASES IN THIS DISTRICT COURT
(List by case number)
CV _____
CV _____

## INSTRUCTIONS - PLEASE READ CAREFULLY

1.    To use this form, you must be a person who either is currently serving a sentence under a judgment against you in a California state court, or will be serving a sentence in the future under a judgment against you in a California state court. You are asking for relief from the conviction and/or the sentence. This form is your petition for relief.

2.    In this petition, you may challenge the judgment entered by only one California state court. If you want to challenge the judgment entered by a different California state court, you must file a separate petition.

3.    Make sure the form is typed or neatly handwritten. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

4.    Answer all the questions. You do not need to cite case law, but you do need to state the federal legal theory and operative facts in support of each ground. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a legal brief or arguments, you may attach a separate memorandum.

5.    You must include in this petition all the grounds for relief from the conviction and/or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

5.    You must pay a fee of $5.00. If the fee is paid, your petition will be filed. If you cannot afford the fee, you may ask to proceed in forma pauperis (as a poor person). To do that, you must fill out and sign the declaration of the last two pages of the form. Also, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account at the institution. If your prison account exceeds $25.00, you must pay the filing fee.

6.    When you have completed the form, send the original and two copies to the following address:
             Clerk of the United States District Court for the Central District of California
             United States Courthouse
             ATTN: Intake/Docket Section
             312 North Spring Street
             Los Angeles, California 90012

---

PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY (28 U.S.C § 2254)

CV-69 (04/05)

PLEASE COMPLETE THE FOLLOWING: (*Check appropriate number*)

This petition concerns:
1.  ☒ a conviction and/or sentence.
2.  ☐ prison discipline.
3.  ☐ a parole problem.
4.  ☐ other.

## PETITION

1.  Venue

    a.  Place of detention <u>California men's colony-East  P.O.BOX 8108 San Luis Obispo,CA 93409</u>

    b.  Place of conviction and sentence <u>San Bernardino County,California</u>

2.  Conviction on which the petition is based (*a separate petition must be filed for each conviction being attacked*).

    a.  Nature of offenses involved (*include all counts*): <u>2nd Degree Robbery</u>

    b.  Penal or other code section or sections: <u>P.C.211 , 667(b)-(i)</u>

    c.  Case number: <u>FSB030957</u>

    d.  Date of conviction: <u>June 3,2002</u>

    e.  Date of sentence: <u>August 29,2006</u>

    f.  Length of sentence on each count: <u>25 Yrs to Life</u>

    g.  Plea (*check one*):

        ☒ Not guilty

        ☐ Guilty

        ☐ Nolo contendere

    h.  Kind of trial (*check one*):

        ☒ Jury

        ☐ Judge only

3.  Did you appeal to the California Court of Appeal from the judgment of conviction?     ☒ Yes ☐ No

    If so, give the following information for your appeal (*and attach a copy of the Court of Appeal decision if available*):

    a.  Case number: <u>#E041492</u>

    b.  Grounds raised (*list each*):

        (1) <u>Trial Court Abuse of Discretion</u>

**PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY (28 U.S.C § 2254)**

(2) Disproportionate/double Jeopardy sentancing(Benson/Burgos)

(3) _____

(4) _____

(5) _____

(6) _____

c.  Date of decision:  August 14,2007

d.  Result  Affirmed,all issues denied

_____

4.  If you did appeal, did you also file a Petition for Review with the California Supreme Court of the Court of Appeal decision?  ☒ Yes   ☐ No

If so give the following information *(and attach copies of the Petition for Review and the Supreme Court ruling if available)*:

a.  Case number:  #S156347

b.  Grounds raised *(list each)*:

(1)  Trial court abuse of discretion

(2)  Disproportionate/Double Jeopardy sentancing (Benson/Burgos)

(3) _____

(4) _____

(5) _____

(6) _____

c.  Date of decision:  October 24,2007

d.  Result  Petition for review denied

_____

5.  If you did not appeal:

a.  State your reasons _____ N/A

_____

_____

_____

_____

b.  Did you seek permission to file a late appeal?   ☐ Yes   ☐ No

6.  Have you previously filed any habeas petitions in any state court with respect to this judgment of conviction?

☐ Yes   ☒ No

If so, give the following information for each such petition *(use additional pages if necessary, and attach copies of the petitions and the rulings on the petitions if available)*:

a. (1) Name of court: _____

   (2) Case number: _____

   (3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: _____

   (4) Grounds raised *(list each)*:

      (a) _____

      (b) _____

      (c) _____

      (d) _____

      (e) _____

      (f) _____

   (5) Date of decision: _____

   (6) Result _____

_____

   (7) Was an evidentiary hearing held?　　☐ Yes　☐ No

b. (1) Name of court: _____

   (2) Case number: _____

   (3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: _____

   (4) Grounds raised *(list each)*:

      (a) _____

      (b) _____

      (c) _____

      (d) _____

      (e) _____

      (f) _____

   (5) Date of decision: _____

   (6) Result _____

_____

   (7) Was an evidentiary hearing held?　　☐ Yes　☐ No

c. (1) Name of court: _____

   (2) Case number: _____

   (3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: _____

   (4) Grounds raised *(list each)*:

      (a) _____

      (b) _____

(c) _____

(d) _____

(e) _____

(f) _____

(5) Date of decision: _____

(6) Result _____

_____

(7) Was an evidentiary hearing held?   ☐ Yes   ☐ No

7.   For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than five grounds. Summarize briefly the facts supporting each ground. For example, if you are claiming ineffective assistance of counsel, you must state facts specifically setting forth what your attorney did or failed to do.

**CAUTION:**   *Exhaustion Requirement*: In order to proceed in federal court, you must ordinarily first exhaust your state court remedies with respect to each ground on which you are requesting relief from the federal court. This means that, prior to seeking relief from the federal court, you first must present all of your grounds to the California Supreme Court.

a.   Ground one:   Disproportionate sentence

_____

see attached brief

(1) Supporting FACTS: Petitioners criminal history, as well as the underlying circumstances of petitioners prior convictions do not support states use of carrer offender sentance(3x). petitioner had(1)one crime seperated into two seperate strikes so enhanced sentence could be used. Even the court acknowlege petitioner does not have extinsive criminal history.

(2) Did you raise this claim on direct appeal to the California Court of Appeal?   ☒ Yes   ☐ No

(3) Did you raise this claim in a Petition for Review to the California Supreme Court?   ☒ Yes   ☐ No

(4) Did you raise this claim in a habeas petition to the California Supreme Court?   ☐ Yes   ☒ No

b.   Ground two:   Double Jeopardy

_____

see attached brief

(1) Supporting FACTS: One crime is now being used twice to put petitioners life in jeopardy. One criminal act is being split into two, for ability of the state to increase punishment in current case.

_____

_____

(2) Did you raise this claim on direct appeal to the California Court of Appeal?   ☒ Yes   ☐ No

(3) Did you raise this claim in a Petition for Review to the California Supreme Court?   ☒ Yes   ☐ No

(4) Did you raise this claim in a habeas petition to the California Supreme Court?   ☐ Yes   ☒ No

c.  Ground three:  Request for appointment of counsel

(1) Supporting FACTS:  28 USC  1915(e) (1),2254(h);18 USC 3006A.

see attached
request/motion

(2) Did you raise this claim on direct appeal to the California Court of Appeal?   ☐ Yes   ☐ No

(3) Did you raise this claim in a Petition for Review to the California Supreme Court?   ☐ Yes   ☐ No

(4) Did you raise this claim in a habeas petition to the California Supreme Court?   ☐ Yes   ☐ No

d.  Ground four:

(1) Supporting FACTS:

(2) Did you raise this claim on direct appeal to the California Court of Appeal?   ☐ Yes   ☐ No

(3) Did you raise this claim in a Petition for Review to the California Supreme Court?   ☐ Yes   ☐ No

(4) Did you raise this claim in a habeas petition to the California Supreme Court?   ☐ Yes   ☐ No

e.  Ground five:

(1) Supporting FACTS:

(2) Did you raise this claim on direct appeal to the California Court of Appeal?   ☐ Yes   ☐ No

(3) Did you raise this claim in a Petition for Review to the California Supreme Court?   ☐ Yes   ☐ No

(4) Did you raise this claim in a habeas petition to the California Supreme Court?   ☐ Yes   ☐ No

8.  If any of the grounds listed in paragraph 7 were not previously presented to the California Supreme Court, state briefly which grounds were not presented, and give your reasons: _____

_____

_____

9.  Have you previously filed any habeas petitions in any federal court with respect to this judgment of conviction?

☐ Yes   ☒ No

If so, give the following information for each such petition *(use additional pages if necessary, and attach copies of the petitions and the rulings on the petitions if available)*:

a.  (1) Name of court: _____

(2) Case number: _____

(3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: _____

(4) Grounds raised *(list each)*:

(a) _____

(b) _____

(c) _____

(d) _____

(e) _____

(f) _____

(5) Date of decision: _____

(6) Result _____

_____

(7) Was an evidentiary hearing held?   ☐ Yes   ☐ No

b.  (1) Name of court: _____

(2) Case number: _____

(3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: _____

(4) Grounds raised *(list each)*:

(a) _____

(b) _____

(c) _____

(d) _____

(e) _____

(f) _____

(5) Date of decision: _____

(6) Result _____

(7) Was an evidentiary hearing held?      ☐ Yes  ☐ No

10. Do you have any petitions now pending (i.e., filed but not yet decided) in any state or federal court with respect to this judgment of conviction?      ☐ Yes   ☒ No

If so, give the following information *(and attach a copy of the petition if available)*:

(1) Name of court: _____

(2) Case number: _____

(3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: _____

(4) Grounds raised *(list each)*:

    (a) _____

    (b) _____

    (c) _____

    (d) _____

    (e) _____

    (f) _____

11. Are you presently represented by counsel?      ☐ Yes  ☒ No

If so, provide name, address and telephone number: _____

_____

_____

WHEREFORE, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding,

_____ *N/A* _____
*Signature of Attorney (if any)*

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on **10-1-2008**      *James Williams*
        *Date*                        *Signature of Petitioner*

The Eight Amendment prohibits imposition of a sentence that is grossly
disproportionate to the severity of the crime.(see,e.g.,Weems v.United states
(1909)217u.s.349,367;Ingram v. wright(1976)430u.s.651,667(dictun);Trop v.
Dulles(1958)356u.s.86,100(plurality opinion);Rumnell v.Estelle(1980)445u.s.
263,271-272) The issue is not the constitutionality of the "three strikes"
law,but whether in this case,given petitioners age,backround,prospects for
rehabilitation as well as the nature and circunstances of the prior "strike"
convictions,a life sentence is disproportionate..

petitioner argues,with case law,as well as quotes made by the state in its
opinions,that his life sentence is disproportionate.Citing Banyard v.Duncan,
342 F.supp.2d 865, "A determination of whether a sentence is grossly dispro-
portionate under the Eight Amendment necessitates analysis of the defendants
criminal history,including the underlying circumstances of the defendants
prior convictions".

At pg.11 of the appeal court opinion(#E041492)second paragraph,the court
state's petitioner does not have an extensive prior record of criminal
behavior,his past criminal history was serious".At pg.9 The court talks of
how "thecircumstances must be extraordinary...by which a carrer criminal can
bedeemed to fall outside the spirit of the very scheme within which he
squarely falls once he commits a strike as part of a long and continuous
criminal record,the continuation of which the law was meant to attack".

petitioner does not have a long,nor extensive criminal history.In fact the
prior convictions used as "strike" priors derived from one incident at the
age of 17yrs old.The current offense was at the age of 19yrs old.The state
itself agrees petitioners criminal history is not long,nor extensive.

Our u.s.supreme court's mandate to assign weights to repeat offenders entire
criminal history in Eight Amendment cases.such assesments for determining
whether a mandatory sentence that is five or more times greater than the
statutory maximum for the offense could be justified by the offenders prior
criminal history.Under California p.c.211,petitioners crime carries a term
of 2-3-5 yrs in prison,yet he was given five times more.Leaving him with 25
to life in prison..

(2)

Under Ewing,in determining whether a sentence is grossly dissproportionate in violation of the Eight Amendment,the court is first to address the gravity of the offense compared to the harshness of the penalty. Ewing,538u.s at 28, 123 S.ct.1179."In weighing the gravity of[the defendants]current offense, the court <u>must</u> place on the scales not only his current felony,but also his criminal history.Id.at 29,123 S.ct.1179.

Solem "<u>clearly</u>" established, "that a determination of whether a sentence is grossly disproportionate necessitates analysis of the defendant criminal history,including the underlying circumstances of the defendants prior conviction in judging the gravity of that offense,including the petitioners conduct the absolute magnitude of the crime",the criminal intent,and the defendants motion.Id.at 292-294,103 S.ct.3001.

It's clear petitioner had one intent and motive in case that is now being used as multiple prior convictions.This is being done to allow the state to apply the "three strikes" law against petitioner.Petitioners co-defendant recieved (3)three years in prison for the same offense,so the gravity was not as bad as the state would make it seem.petitioner has shownhe can and is still changing into a better,productive person. The statehas cheated in how it applie it's strike conviction's and are turning the "three strikes"law into a one chance law. That is not the correct way,or spirit of the law, intent of the people/voters,to apply a law mandating a life sentence.As such petitioner prays that this court grants this petition and overturns said life sentence.

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO



COURT OF APPEAL FOURTH DISTRICT

|  |  |
|---|---|
| THE PEOPLE, | |
|     Plaintiff and Respondent, | E041492 |
| v. | (Super.Ct.No. FSB030957) |
| JAMES DAVID WILLIAMS, | **OPINION** |
|     Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County. Phillip M. Morris, Judge. (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.) Affirmed.

Elizabeth A. Missakian, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gary W. Schons, Senior Assistant Attorney General, Barry Carlton, Supervising Deputy Attorney General, and Cheryl Sueing-Jones, Deputy Attorney General, for Plaintiff and Respondent.

This is defendant's second appeal in this matter. In his first appeal, case No. E033166, defendant appealed from his convictions for robbery (Pen. Code, § 211)[1] (count 1), unlawful taking and driving of a vehicle (Veh. Code, § 10851, subd. (a)) (count 2), and evading a peace officer (Veh. Code, § 2900.2, subd. (a)) (count 3) and from the true findings on the enhancement allegations that defendant was armed with a firearm during the commission of the robbery (§ 12022, subd. (d)), that defendant had sustained two prior strike conviction (§§ 667, subds. (b)-(i), 1170.12, subd. (a)-(d)), and that defendant had suffered one prior prison term (§ 667.5, subd. (b)). He claimed, inter alia, (1) the prosecutor committed misconduct, and (2) the trial court erred in failing to stay the terms imposed for counts 2 and 3 pursuant to section 654. In that appeal, we found that the terms imposed on counts 2 and 3 should have been stayed pursuant to section 654 and rejected the remaining contentions on appeal.

On September 15, 2004, the California Supreme Court granted review of the matter and further action was deferred pending consideration and disposition of a related issue in *People v. Howard* (2005) 34 Cal.4th 1129.

On June 8, 2005, the matter was transferred to this court with directions to vacate its disposition and reconsider the cause in light of *Howard*. We subsequently modified the judgment and remanded the matter for resentencing.

---

[1]    All future statutory references are to the Penal Code unless otherwise stated.

On remand, defendant filed a motion to dismiss his prior strike convictions pursuant to section 1385 (*People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*)), arguing that the prior strikes were so closely connected that it would be an abuse of discretion not to strike one of them and that his age at the time of his strike offenses was a relevant factor the court should use to justify striking one strike. After the trial court heard testimony and arguments from counsel and took the matter under submission, it denied defendant's *Romero* motion and resentenced defendant to a total indeterminate term of 25 years to life in state prison with credit for time served.

In this second appeal, defendant claims the trial court abused its discretion in denying his motion to strike one of his prior strike convictions. We reject this contention and affirm the judgment.

I

FACTUAL BACKGROUND[2]

A.    *Current Offense*

At 12:40 p.m. on June 13, 2002, two men entered Shahzad Khan's liquor store. One of them pointed a gun at Khan, while the other man jumped over the counter. The man who jumped over the counter, later identified as defendant, took about $86 from the cash register and some other items, including cigarettes and lottery tickets. The two men

---

[2]     The factual background from the current offense is taken from this court's prior opinion in case No. E033166. The factual background from defendant's prior convictions is taken from San Bernardino Police Report Nos. 96-57932 and 99-27696, which were submitted to the court for its consideration.

demanded that Khan open the safe and give them the cash, "or we'll bust you."  Although

a surveillance camera captured the incident, both men were wearing baseball caps and

masks.

Within a minute or two, Officer Anthony Garcia arrived at Khan's store and

noticed a black Nissan car screech into the apartment complex behind the store.  Garcia

saw only the driver, a heavy-set African-American man, inside the Nissan.  Two patrol

cars, including Garcia's, pursued the Nissan into the parking lot of a nearby strip mall.

After the officers activated their lights, the Nissan stopped.  While the driver remained in

the car, two African-American males exited the car and ran through the parking lot in

different directions.

Garcia pursued one of the men, who was not wearing a shirt, but was unable to

locate him.  Officer Mike McCoy, who arrived in a third patrol car, pursued the other

man as he ran down the street and into a car wash.  At the car wash, McCoy observed the

man, who was later identified as defendant, getting into and driving away in a white

Lexus.

Another officer, Sergeant Steve Davis, who was driving an unmarked vehicle,

pursued the white Lexus.  He noticed defendant trying to exit a parking lot into a row of

cars that were stopped at a red light.  Defendant accelerated into the row of cars and

collided with a green van, pushing the van out of the way.  After getting out of the

parking lot, defendant drove onto the on-ramp going north on Interstate 215.

The officers in pursuit of defendant at this time included Officers Davis, McCoy, Briones, and Vogelsong. At some point, Officer Briones took the lead in the pursuit. There was a lot of traffic on the road during the pursuit.

On the interstate, defendant drove in and out of traffic at excessive speeds. As he exited the interstate at the Mill Street off-ramp, defendant skidded off the road into an adjacent field. Defendant then exited the car and ran toward "I" Street. As defendant attempted to cross the road onto "I" Street, he collided with Davis's car, causing defendant to fall. Davis placed defendant under arrest. Defendant had $86.95 in his right front pants pocket.

Officers found nineteen $1 bills scattered inside the white Lexus. During a search of the Nissan, the officers found clothing, lottery tickets from the liquor store, cigarettes, and a loaded handgun.

During the booking process, an officer overheard defendant saying that he had robbed a store, jumped into a Lexus, got into a high-speed chase, crashed, and was taken into custody.

By their clothing, both the driver and defendant were identified from the liquor store surveillance video. Defendant's clothing matched that worn by the man shown jumping over the counter in the video.

B.    *Defendant's Criminal Background*

Defendant's life of crime began in 1996 when, at the age of 14, he and his companion robbed a Taco Bell Restaurant at gunpoint. Defendant's companion told the

5

victim to open the cash register and that if he did not open the register he was going to

blow the victim's brains out.  At that point, the manager walked over and opened the

register.  Defendant and his companion removed the cash and fled.

Defendant testified at the resentencing hearing that he did not necessarily "feel

bad" for what he "put [the victims] through," but he just knew what he did was wrong.

On March 25, 1997, defendant was declared a ward of the court and sentenced to

the California Youth Authority (CYA) for 30 months on the substantive offense and 10

years for the gun enhancement, for a total term of 12 years 6 months.  At the age of 17,

defendant was paroled from CYA.

On June 28, 1999, having been on CYA parole for less than three months,

defendant committed two counts of armed robbery of two separate victims.  Defendant

and a companion entered a Taco Bell Restaurant in San Bernardino from two different

doors displaying semiautomatic handguns.  Defendant's cohort was wearing a black ski

cap, a scarf covering his mouth, and black denim pants.  Defendant was also wearing a

ski mask and dark clothing and was holding a black or silver semiautomatic handgun.

Defendant jumped over the counter, said, "Nobody move," and demanded that the cashier

open the cash registers.  Defendant then asked for the manager.  Defendant pointed his

gun at the manager and loudly demanded that she "open the safe."  The manager opened

the safe, and defendant removed money from the safe.  Defendant then ordered the

manager to open the front cash registers.  The manager told her employees to comply,

and defendant and his cohort removed the cash from both registers and fled in a stolen 1990 four-door Jeep Cherokee.

Officers dispatched to the area saw the stolen Jeep and followed it, activating the police vehicle's overhead lights. The Jeep did not immediately stop, but when it did, the driver and his unknown cohort got out and fled into an apartment complex. The officers set up a perimeter around the building and demanded that defendant and his cohort come out. Defendant and a female exited the building; the defendant's cohort later exited with the assistance of a canine officer.

Defendant was arrested and subjected to a fit-and-proper hearing under Welfare and Institutions Code section 707, subdivision (a). He was found unfit for the juvenile system and tried as an adult. He was later convicted of two counts of robbery and sentenced to three years in state prison to run concurrent to his parole violation of his prior 1996 robbery conviction.

On February 11, 2001, defendant was released from state prison and placed on parole. On March 16, 2001, defendant was approved for parole supervision in Texas, but he never left California. During that time, he was unemployed, performed unsatisfactorily on parole, and continued to engage in criminal activity. On June 13, 2001, while serving two grants of parole, he was arrested on the current offenses.

At the sentencing and resentencing hearings, defendant and his family essentially testified that defendant had lived a hard life and that he was a changed man who had learned a lot and gained insight from his mistakes and who deserved to be sentenced

7

outside the spirit of the three strikes law. He also claimed that he had written letters to

the victims and apologized. He further stated that while imprisoned he had obtained his

GED (general equivalency diploma), went to fire camp, received his fire training

certificate, and fought fires.

I

DISCUSSION

Defendant argues the trial court abused its discretion by refusing to dismiss one of

his prior strike convictions pursuant to *Romero*, *supra*, 13 Cal.4th 497. We disagree.

A trial court's decision to not dismiss or strike a prior serious and/or violent felony

conviction allegation under section 1385 is reviewed for abuse of discretion. (*People v.*

*Carmony* (2004) 33 Cal.4th 367, 376.) "In reviewing for abuse of discretion, we are

guided by two fundamental precepts. First, '"[t]he burden is on the party attacking the

sentence to clearly show that the sentencing decision was irrational or arbitrary.

[Citation.] In the absence of such a showing, the trial court is presumed to have acted to

achieve the legitimate sentencing objectives, and its discretionary determination to

impose a particular sentence will not be set aside on review."' [Citation.] Second, a

'"decision will not be reversed merely because reasonable people might disagree. 'An

appellate tribunal is neither authorized nor warranted in substituting its judgment for the

judgment of the trial judge.'"' [Citation.] Taken together, these precepts establish that a

trial court does not abuse its discretion unless its decision is so irrational or arbitrary that

no reasonable person could agree with it." (*Id.* at pp. 376-377, quoting *People v.*

8

*Superior Court* (*Alvarez*) (1997) 14 Cal.4th 968, 977-978, quoting *People v. Superior Court* (*Du*) (1992) 5 Cal.App.4th 822, 831 and *People v. Preyer* (1985) 164 Cal.App.3d 568, 573; see also *People v. Myers* (1999) 69 Cal.App.4th 305, 309.)

The California Supreme Court explained, "In light of this presumption, a trial court will only abuse its discretion in failing to strike a prior felony conviction allegation in limited circumstances. For example, an abuse of discretion occurs where the trial court was not 'aware of its discretion' to dismiss [citation], or where the court considered impermissible factors in declining to dismiss [citation]." (*People v. Carmony*, *supra*, 33 Cal.4th at p. 378, citing *People v. Langevin* (1984) 155 Cal.App.3d 520, 524 and *People v. Gillispie* (1997) 60 Cal.App.4th 429, 434.) Discretion is also abused when the trial court's decision to strike or not to strike a prior is not in conformity with the "spirit" of the law. (*People v. Williams* (1998) 17 Cal.4th 148, 161 (*Williams*); *People v. Myers*, *supra*, 69 Cal.App.4th at p. 310.)

However, "[i]t is not enough to show that reasonable people might disagree about whether to strike one or more of his prior convictions. Where the record demonstrates that the trial court balanced the relevant facts and reached an impartial decision in conformity with the spirit of the law, we shall affirm the trial court's ruling, even if we might have ruled differently in the first instance. [Citation.]" (*People v. Myers*, *supra*, 69 Cal.App.4th at p. 310.) "Because the circumstances must be 'extraordinary . . . by which a career criminal can be deemed to fall outside the spirit of the very scheme within which he squarely falls once he commits a strike as part of a long and continuous

9

criminal record, the continuation of which the law was meant to attack' [citation], the circumstances where no reasonable people could disagree that the criminal falls outside the spirit of the three strikes scheme must be even more extraordinary." (*People v. Carmony, supra*, 33 Cal.4th at p. 378, quoting *People v. Strong* (2001) 87 Cal.App.4th 328, 338.)

The touchstone of the analysis must be "whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*Williams, supra*, 17 Cal.4th 148, 161; see also *People v. Garcia* (1999) 20 Cal.4th 490, 498-499.)  A decision to dismiss a strike allegation based on its remoteness in time is an abuse of discretion where the defendant has not led a life free of crime since the time of his conviction.  (*People v. Humphrey* (1997) 58 Cal.App.4th 809, 813.)

Defendant contends the court should have granted his request to strike one of his prior strike convictions given his age, background, character, and prospects for changing his life.

We cannot conclude the trial court abused its discretion in declining to strike one of defendant's prior strike convictions.  The relevant considerations supported the trial court's ruling, and there is nothing in the record to show that the court declined to exercise its discretion on improper reasons or that it failed to consider and balance the

10

relevant factors, including defendant's personal and criminal background. In fact, the record clearly shows the court was aware of its discretion, aware of the applicable factors a court must consider in dismissing a prior strike, and appropriately applied the factors as outlined in *Williams*.

This case is far from extraordinary. Defendant has manifested a persistent inability to conform his conduct to the requirements of the law. Though defendant did not have an extensive prior record of criminal behavior, his past criminal history was serious. As noted above, he began the life of crime at an early age in 1996 and continued to repeatedly commit armed robberies thereafter. In fact, he was on two separate grants of parole when he committed the instant offenses.

The court here could not overlook the fact defendant continued to commit serious criminal offenses and violate the terms and conditions of his parole even after repeatedly serving time in prison. His conduct as a whole was a strong indication of unwillingness or inability to comply with the law. The record also shows that defendant had a tendency for violence as evidenced by his criminal convictions. He has also shown a proclivity for weapons through his use of a firearm during the commissions of the robberies. Finally, he has shown his continual disregard for the law as evidenced by his parole violations and criminal convictions. It is clear from the record that prior rehabilitative efforts have been unsuccessful. Indeed, defendant's prospects for the future look no better than the past, in light of defendant's record of prior offense and reoffense. All of these factors

were relevant to the trial court's decision that, as a flagrant recidivist, defendant was not outside the spirit of the three strikes law. (*Williams*, *supra*, 17 Cal.4th 148, 161.)

Indeed, defendant appears to be "an exemplar of the 'revolving door' career criminal to whom the Three Strikes law is addressed." (*People v. Stone* (1999) 75 Cal.App.4th 707, 717.) Thus, given defendant's continuous criminal history, his numerous parole violations, the seriousness of the past offenses, and his seemingly dim prospects for rehabilitation and lack of meaningful crime-free periods, we cannot say that the trial court abused its discretion when it declined to dismiss one of defendant's prior strike convictions. The trial court's decision not to strike defendant's priors was neither irrational nor arbitrary.

Alternatively, defendant argues that one of his two 1999 armed robbery convictions should have been stricken, based on the rationale of *People v. Benson* (1998) 18 Cal.4th 24, 36, footnote 8 (*Benson*) and *People v. Burgos* (2004) 117 Cal.App.4th 1209, 1215 (*Burgos*). We again disagree.

In *Benson*, the court noted that there may be circumstances in which a trial court will abuse its discretion in refusing to strike one of two prior strike convictions, where the convictions are closely connected or "arise out of a single act by the defendant as distinguished from multiple acts committed in an indivisible course of conduct . . . ." (*Benson*, *supra*, 18 Cal.4th at p. 36, fn. 8.)

Specifically, the *Benson* court noted: "Because the proper exercise of a trial court's discretion under section 1385 necessarily relates to the circumstances of a

particular defendant's current and past criminal conduct, we need not and do not

determine whether there are some circumstances in which two prior felony

convictions . . . arise out of a single act by the defendant as distinguished from multiple

acts committed in an indivisible course of conduct . . . that a trial court would abuse its

discretion under section 1385 if it failed to strike one of the priors." (*Benson, supra*, 18

Cal.4th at p. 36, fn. 8; see also *People v. Sanchez* (2001) 24 Cal.4th 983, 993

[acknowledging fn. 8 of *Benson*] and *People v. Carmony, supra*, 33 Cal.4th at pp.

374-375 [*same*].)

Accordingly, *Benson* did not limit the factors that a trial court must consider in

exercising its discretion to strike a prior strike under section 1385, even where two or

more prior strike convictions are based on a single act. In such cases, the trial court still

must consider the nature and circumstances of the defendant's present convictions and

prior strike convictions, together with the particulars of the defendant's background,

character, and prospects, in determining whether the defendant should be deemed outside

the spirit of the three strikes law. (*People v. Carmony, supra*, 33 Cal.4th at p. 377;

*Williams, supra*, 17 Cal.4th at p. 161.) Indeed, the court affirmed that the "trial court's

discretion under section 1385 *necessarily relates to the circumstances of a particular*

*defendant's current and past criminal conduct . . . .*" (*Benson, supra*, 18 Cal.4th at p. 36,

fn. 8, italics added.)

Thus, the *Benson* court was suggesting that a trial court may well abuse its

discretion in refusing to strike one of two prior convictions provided that the convictions

are based on a single act, and provided further that the defendant should be deemed

outside the spirit of the three strikes law, in view of the nature and circumstances of the

present and prior offenses and his background, character, and prospects. (*Benson*, *supra*,

18 Cal.4th at p. 36, fn. 8.)  That is not the case here.  As the trial court noted, defendant

had engaged in ongoing criminal conduct, including violent criminal conduct and

numerous parole violations, since his 1996 juvenile adjudication.  In addition, his 1999

robbery convictions involved multiple victims.  He was not the type of person who

should have been deemed outside the spirit of the three strikes law.

The court in *Burgos* followed footnote 8 of *Benson* and held that the trial court

abused its discretion in refusing to strike one of the defendant's two prior strike

convictions for attempted robbery and attempted carjacking.  The court emphasized that

the two convictions were "'closely connected'" and arose from a "single criminal act."

(*Burgos*, *supra*, 117 Cal.App.4th at p. 1216.)

Notably, the *Burgos* court's conclusion was not based solely on the two prior

strike convictions being based on a single act.  The court further observed that the

defendant's current offenses were not, "under the circumstances, the worst of crimes,"

and his criminal history, aside from his current convictions and prior strike convictions,

consisted of misdemeanors and one felony that did not qualify as a prior strike

conviction.  (*Burgos*, *supra*, 117 Cal.App.4th at p. 1216.)  The court also followed the

settled rule that it is appropriate to consider the term a defendant faces under the three

strikes law in determining whether to strike a prior conviction. (*Ibid.*, citing *People v. Garcia, supra*, 20 Cal.4th at p. 500.)

Thus, *Burgos* does not support defendant's proposition that a trial court abuses its discretion as a matter of law if it fails to strike one of two or more prior convictions based on a single act. And even if *Burgos* may be interpreted as supporting this proposition, it was implicitly disapproved in *People v. Carmony, supra*, 33 Cal.4th at pages 376 and 377, where the state Supreme Court reaffirmed that a trial court has broad discretion and considers many factors in determining whether to strike a prior strike conviction. (See also *People v. Ortega* (2000) 84 Cal.App.4th 659, 667-668 [upholding refusal to dismiss one of two "single act" prior convictions to avoid future use as a strike, reasoning in part that trial court "considers many things" in exercising discretion under § 1385].)

Moreover, in this case, unlike *Burgos*, the prior strike convictions involved more than one victim -- the manager and the cashier -- and essentially two separate acts where the two victims were individually robbed of two separate amounts of money from two separate locations within the store. This does not constitute a single act, but multiple acts committed against multiple victims. (See *People v. Champion* (1995) 9 Cal.4th 879, 935.)

Accordingly, the fact that defendant's prior strike convictions were serious and violent offenses against separate persons -- not to mention the fact that defendant was on parole for the prior convictions -- makes the *Burgos* rationale wholly inapplicable to defendant's sentence. In short, defendant was within the spirit of the three strikes law

(see *Williams, supra*, 17 Cal.4th at p. 161); the trial court did not rule in an "arbitrary,

capricious or patently absurd manner that resulted in a manifest miscarriage of justice"

(*People v. Jordan* (1986) 42 Cal.3d 308, 316); and we find no abuse of discretion (see

*Romero, supra*, 13 Cal.4th at p. 504).

## III

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RICHLI _____
                                                                        J.

We concur:

HOLLENHORST _____
                    Acting P.J.

GAUT _____
                    J.

<u>Double Jeopardy ,Fifth Amendment violations</u>

Petitioner challenges the use of multiple convictions from a 1999 case
(#FSB023351).These prior conviction arose from one incident,and are now being
used to enhance petitioners sentence to 25 yrs to life. Petitioner has a right
to challenge the use of an unconstitutional prior conviction where it was used
to enhance the sentence in current case. People v. horton,11cal.4th(068,1134;
Curtis v.United states,5llu.s. 485,

"If the people use a prior to upgrade a sentence,it must also be prepared to
face challenges to it". People v.Sumstine(1984)36cal.3d 909,920 see also Young
v. vaughn,(1996)3rd cir)83 F.3d 72,u.s.[136LED2d.245,117 S.ct333 concluding Id
83 F.3d at pg.78.

In brown v. Ohio,432u.s.161,53L.Ed187,97 S.ct.2221,at pg.196[1c,14] the court
determined "the double jeopardy clause is not such a fragile guarantee that
prosecutors can aviod its limitations by the simple expedient of dividing a
single crime into a series of temporal or spatial units. Cf.Braverman v.United
States,317u.s. 49,52,87L.Ed 23,63 S.ct.99.

However,this is what the state has done to be able to than apply the one.Proio
crime into multiple "strike" priors to justify a 25 to life sentance.The use
of the one incident that occured at the same moment in time.with one objective
and motive,is double jeopardy.This is the same type of situation  occureed in
people v. Bauer,82 cal.RPTR357,1cal 3d. The state supreme court overturned
multiple conviction and the peoples argument of,each person is a separate
conviction.

It has often been stated that the prohibition of the statute against double
punishment applies where one offense is necessarliy included in another(people
v. knowles,supra,35cal.zd175,186-187,217 p2dl.In such a case double conviction
is also prohibited(people v.Greer,30cal.2d 597-598,184 p.2d 512.)and the
question of double punishment wolud seem moot,People v. Bauer,82 cal.RPTR357,
1cal 3d.

Where one offense is necessarily included in another.double punishment and double conviction are both prohibited. People v. Wilson,123cal.RPT.663,50 C.A 3d 811.

With such circumstance's as petitioners,to break the two convictions from the 1999 case(#FSB023351)for the purpose of multiple "strike" enhancment priors is double jeopardy.This is why the Fifth Amendment exist,to prevent the creativit of the prosecutors in mini½ulating loop holes in the law.

People v. Bauer 82cal,RPT.357,1cal.3d

"It is the punishment that would leagally follow the second conviction,which is the real danger guarded against the consitution". Exparte Lange,18 wall,163,17 exparte Lang,supra,and In re Bradley,318u.s.50,63 S.ct.470,87 L.Ed.608.

Petitioner humbly prays the court will invalidate the use of one of petitioner prior convictions as a "strike" for the use of enhancement of his sentance.

United States District Court
Central District of California

James David Williams,
    Petitioner

            vs.                          No.
                                         Motion and declaration for
State of California,Director             Appointment of counsel
of correction, John Marshall(warden)
c.m.c-east-Respondent

Petitioners,James David Williams,moves the court for an order appointing
counsel at public exense.28 usc§§1915(e)(i).2254(h)j 18 usc §3006a.


Counsel should be appointed because the issues in this case are particularly
complex.The issues of Eight Admendment,and Fifth Admendment violation's require
a more knowledgable understanding than petitioner has,as a lay person has.
The resources needed to show a correct analysis of petitioners criminal history
circumstances of his prior convictions,and motives,are not easily,effectively
available to petitioner in petitioners current state of being incarerated,
indigent,and not as knowledgable in the law,that would be needed to present an
effective argument against the state.
I declare under penalty of perjury that the foregoing is true and correct
and that this declaration was executed at C.M.C-East.
San Luis Obispo California, on Date 10-1-2008

                              Sign. James William

                              James David Williams.

ED CV 08 - 01452 FMC

E

James David Williams
_____
Petitioner

State of California, Dir. of Corr., John Marshall
(WARDEN)
_____
Respondent(s)

**DECLARATION IN SUPPORT
OF REQUEST
TO PROCEED
IN FORMA PAUPERIS**

I, ___James David Williams___, declare that I am the petitioner in the above entitled case; that in support of my motion to proceed without being required to prepay fees, costs or give security therefor, I state that because of my poverty I am unable to pay the costs of said proceeding or to give security therefor; that I believe I am entitled to relief.

1.  Are you presently employed?  ☐ Yes   ☒ No

   a.  If the answer is yes, state the amount of your salary or wages per month, and give the name and address of your employer.   ___June, 2001___

   b.  If the answer is no, state the date of last employment and the amount of the salary and wages per month which you received.   ___June, 2001___

2.  Have you received, within the past twelve months, any money from any of the following sources?

   a.  Business, profession or form of self-employment?   ☐ Yes  ☒ No

   b.  Rent payments, interest or dividends?   ☐ Yes  ☒ No

   c.  Pensions, annuities or life insurance payments?   ☐ Yes  ☒ No

   d.  Gifts or inheritances?   ☐ Yes  ☒ No

   e.  Any other sources?   ☒ Yes  ☐ No

   If the answer to any of the above is yes, describe each source of money and state the amount received from each during the past twelve months:  _Prison P.I.A. program (Solano)_
   _Prison payments from P.I.A. program. $15.00 to $26.00 dollers a month._

3.  Do you own any cash, or do you have money in a checking or savings account? *(Include any funds in prison accounts)*

   ☐ Yes  ☒ No

   If the answer is yes, state the total value of the items owned:  _____

---

**PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY (28 U.S.C § 2254)**

4. Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property? *(Excluding ordinary household furnishings and clothing)* ☐ Yes  ☒ No

   If the answer is yes, describe the property and state its approximate value: _____

   _____

5. List the persons who are dependent upon you for support, state your relationship to those persons, and indicate how much you contribute toward their support: ___None_____

   _____

   _____

   I, declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

   Executed on _10-1-2008_____      _James Williams_____
               *Date*                               *Signature of Petitioner*

## CERTIFICATE

I hereby certify that the Petitioner herein has the sum of $___0.00_____ on account to his credit at the _Calif. Mens Colony - CDCR_____ institution where he is confined. I further certify that Petitioner likewise has the following securities to his credit according to the records of said institution: _____0.00_____

_____

_____

_10-8-08_____      _Cory Simon -Acct. Tech._____
     *Date*                           *Authorized Officer of Institution/Title of Officer*

---

REPORT ID: TS3030 .701                    REPORT DATE: 10/08/08

                   CALIFORNIA DEPARTMENT OF CORRECTIONS
                          CALIFORNIA MENS COLONY
                      INMATE TRUST ACCOUNTING SYSTEM
                      INMATE TRUST ACCOUNT STATEMENT

                 FOR THE PERIOD: APR. 08, 2008 THRU OCT. 08, 2008

ACCOUNT NUMBER : P49807               BED/CELL NUMBER: EFAQB1F300001390X
ACCOUNT NAME   : WILLIAMS, JAMES      ACCOUNT TYPE: I
PRIVILEGE GROUP: A
                          TRUST ACCOUNT ACTIVITY

       TRAN
DATE   CODE  DESCRIPTION   COMMENT   CHECK NUM  DEPOSITS  WITHDRAWALS  BALANCE
-----  ----  -----------   --------  ---------  --------  -----------  -------

04/08/2008   BEGINNING BALANCE                                            0.00

08/26  D320  TRUST FUNDS T 19178/SOL             26.69                   26.69
09/04*FC01  DRAW-FAC 1     CE1                              26.69         0.00


                       CURRENT HOLDS IN EFFECT
     DATE    HOLD
    PLACED   CODE        DESCRIPTION            COMMENT    HOLD AMOUNT
  ---------- ----  ----------------------------  ---------  -----------
  10/06/2008 H118  LEGAL COPIES HOLD             1821         12.40


                    * RESTITUTION ACCOUNT ACTIVITY

DATE SENTENCED: 12/27/02              CASE NUMBER: FSB030957
COUNTY CODE: SBD                     FINE AMOUNT: $  6,000.00

   DATE      TRANS.   DESCRIPTION              TRANS. AMT.   BALANCE
 --------    ------   ----------------------   -----------   -----------

04/08/2008   BEGINNING BALANCE                                 5,990.00

08/01/08    SU01     SYS TRNSF - POS              646.69-      5,343.31
08/01/08    SU03     SYS UPDATE - POS               2.64-      5,340.67
08/06/08    SU03     SYS UPDATE - POS              29.64-      5,311.03

     * THIS STATEMENT DOES NOT REFLECT THE ADMINISTRATIVE FEE CHARGE THAT *
     * IS EQUAL TO TEN PERCENT OF THE RESTITUTION AMOUNT COLLECTED.       *


                        TRUST ACCOUNT SUMMARY

   BEGINNING    TOTAL      TOTAL     CURRENT     HOLDS    TRANSACTIONS
    BALANCE   DEPOSITS  WITHDRAWALS  BALANCE    BALANCE   TO BE POSTED
  ----------- --------- ----------- ---------- --------- ------------
       0.00     26.69       26.69       0.00     12.40         0.00
  ----------- --------- ----------- ---------- --------- ------------
  ----------- --------- ----------- ---------- --------- ------------

                                            CURRENT
                                           AVAILABLE
                                            BALANCE
                                         ---------------
                                               12.40-
                                         ---------------
                                         ---------------

Case 5:08-cv-01186-JF   Document 6   Filed 10/17/08   Page 33 of 35   Page ID #:33

CALIFORNIA DEPARTMENT OF CORRECTIONS
CALIFORNIA MENS COLONY
INMATE TRUST ACCOUNTING SYSTEM
INMATE TRUST ACCOUNT STATEMENT

FOR THE PERIOD: APR. 08, 2008 THRU OCT. 08, 2008


TOTAL NUMBER OF STATEMENTS PRINTED:            1

TOTAL CURRENT BALANCE FOR ALL THE STATEMENTS:        0.00



THE WITHIN INSTRUMENT IS A CORRECT
COPY OF THE TRUST ACCOUNT MAINTAINED
BY THIS OFFICE.
ATTEST: 10 - 08 - 08
CALIFORNIA DEPARTMENT OF CORRECTIONS
BY
TRUST OFFICE)



**TERRY NAFISI**

District Court Executive
and Clerk of Court

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**
312 North Spring Street, Room G-8  Los
Angeles, CA  90012
Tel: (213) 894-7984

**SOUTHERN DIVISION**
411 West Fourth Street, Suite 1053
Santa Ana, CA 92701-4516
(714) 338-4570

**EASTERN DIVISION**
3470 Twelfth Street, Room 134
Riverside, CA 92501
(951) 328-4450

Friday, October 17, 2008

**JAMES DAVID WILLIAMS #P-49807**
**C.M.C. EAST #1390**
**P.O. BOX 8101**
**SAN LUIS OBISPO, CALIFORNIA 93409**

Dear Sir/Madam:

A ☒ Petition for Writ of Habeas Corpus was filed today on your behalf and assigned civil case number EDCV08- 1452 FMC (Ex)

A ☐ Motion pursuant to Title 28, United States Code, Section 2255, was filed today in criminal case number _____ and also assigned the civil case number _____

Please refer to these case numbers in all future communications.

Please Address all correspondence to the attention of the Courtroom Deputy for:

☐ District Court Judge _____

☒ Magistrate Judge     **Charles Eick** _____

at the following address:

☒ U.S. District Court
  312 N. Spring Street
  Civil Section, Room G-8
  Los Angeles, CA  90012

☐ Ronald Reagan Federal
  Building and U.S. Courthouse
  411 West Fourth St., Suite 1053
  Santa Ana, CA  92701-4516
  (714) 338-4750

☐ U.S. District Court
  3470 Twelfth Street
  Room 134
  Riverside, CA 92501

The Court must be notified within fifteen (15) days of any address change.  If mail directed to your address of record is returned undelivered by the Post Office, and if the Court and opposing counsel are not notified in writing within fifteen (15) days thereafter of your current address, the Court may dismiss the case with or without prejudice for want of prosecution.

Very truly yours,

Clerk, U.S. District Court

By: ___LMURRAY_____

Deputy Clerk

James Williams #P-49807
C.M.C.-East #1390*
P.O. Box 8101
San Luis Obispo, C.A. 9340

"Legal Mail"

RECEIVED, EASTERN DIVISION
CENTRAL DISTRICT OF CALIFORNIA
COURT

OCT 16 2008

CENTRAL DISTRICT OF CALIFORNIA
BY

CALIFORNIA MEN'S COLONY
STATE PRISON
SAN LUIS OBISPO CA 93409

UNITED STATES POSTAGE
$ 00.000
02 1M
0004247478   OCT 14 2008
MAILED FROM ZIP CODE 934

U.S. Central District Court
Eastern Division
(Attn: Clerk of the Court)
3470 Twelfth Street Room #1
Riverside, C.A. 92501

USA FIRST-CLASS FOREVER
3.85